**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAROLINE GREDLER, | : | |
| As Personal Representative of | : | |
| the Estate of DALE GREDLER | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT | : | |
| OF STATE | : | |
| 2201 C Street, N.W. | : | |
| Washington, D.C.  20520, | : | |
| | : | |
| HON. JOHN KERRY, | : | |
| Secretary of State, | : | |
| 2201 C Street, N.W. | : | |
| Washington, D.C.  20520, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| Serve:  John Kerry | : | |
| U.S. Department of State | : | |
| 2201 C Street, N.W. | : | |
| Washington, D.C.  20520 | : | |
| | : | |
| and | : | |
| | : | |
| Megan M. Grimball | : | |
| Office of Legal Advisor | : | |
| U.S. Department of State | : | |
| Room 5519 | : | |
| 2201 C Street, N.W. | : | |
| Washington, D.C. 20520 | | |
| | | |
| Ronald C. Machen, Jr. | : | |
| United States Attorney for the | : | |
| District of Columbia | : | |
| Judiciary  Center Building | : | |
| 555 Fourth Street, NW | : | |
| Washington, D.C.  20530 | : | |
| | : | |
| and | : | |

HON. ERIC H. HOLDER, JR.          :
United States Attorney General      :
901 Pennsylvania Avenue, NW       :
Washington, DC 20530             :

## COMPLAINT

This is a Complaint for corrective action under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over Plaintiff's claims pursuant to the Administrative Procedures Act, 5 U.S.C. § 702.

2.      Venue is proper in this District pursuant to the Administrative Procedures Act, 5 U.S.C. § 703.

## PARTIES

3.      Plaintiff Caroline Gredler is the duly appointed personal representative of the Estate of Dale Gredler in the Superior Court of Washington for King County Cause No. 10-4-02985-8 and brings this action on behalf of the Estate.  Ms. Gredler is a resident of the State of Indiana.

4.      Defendant Department of State is an executive agency of the United States Government within the meaning of the Administrative Procedures Act.  The Department of State is being sued for review of its final decision refusing to respond to Plaintiff's *Touhy*[1] request for discovery from the Department and its employees.

5.      Defendant John Kerry is the Secretary of State.  Defendant Kerry is being sued in his official capacity as the agency head of the Department of State.

---

[1]      *United States ex rel. Touhy v. Ragen et al*, 340 U.S. 462 (1951).

## FACTS COMMON TO ALL COUNTS

6.     Dale Gredler was born on August 9, 1967, and died on January 27, 2010, at the age of 42.

7.     Dale Gredler was a Diplomat for the United States Agency for International Development (USAID) and was stationed in Almaty, Kazakhstan during January 2010.

8.     In January of 2010, Dale Gredler sought medical care from a clinic operated by International SOS Assistance, Inc. (hereinafter "International SOS").

9.     International SOS provided medical services for United States' citizens and their families while they were posted in Kazakhstan under a contract with Defendant United States Department of State.

10.    On January 23, 2010, Mr. Gredler was referred to the International SOS Clinic in Almaty by Defendant U.S. Department of State's Regional Medical Director, based upon symptoms he was experiencing.

11.    Several days after treatment and misdiagnosis by International SOS, which is detailed in the King County Complaint, attached as Exhibit 1, Mr. Gredler was found dead in a restroom at the Heathrow Airport on January 27, 2010.  An autopsy revealed that Mr. Gredler died from a ruptured dissecting aortic aneurysm.  His wife has sued International SOS for failing to diagnosis the aneurysm.

12.    Because Mr. Gredler died in service, his wife, Plaintiff Caroline Gredler, applied for and is receiving compensation under the Federal Employee Compensation Act ("FECA"), 5 U.S.C. §§ 8101 *et seq*., for herself and the couple's two daughters.

13.    As a FECA beneficiary, Plaintiff Caroline Gredler is required by that Act to bring an action against any third-party tortfeasor responsible for the death of her husband.  Under the

Act, a portion of any recovery to Ms. Gredler against the third-party tortfeasor must be used to

offset benefits paid to her by the Department of Labor.  *See* 5 U.S.C. §8131.

14.     On December 3, 2012, Plaintiff Caroline Gredler filed a medical malpractice and

wrongful death lawsuit on behalf of the Estate of Dale Gredler against International SOS in the

Superior Court of Washington for King County.  (*See* Exhibit 1; *Gredler v. International SOS*

*Assistance, Inc.*, 12-2-38449-5 SEA).

15.     Under § 8131 (a)(2) of FECA, Congress anticipates that "an employee" may be

required to appear and testify as a witness in the third-party suit brought by the beneficiary.  The

Act defines "employee" broadly as "a civil officer or employee in any branch of the Government

of the United states, including an officer or employee of an instrumentality wholly owned by the

United States."  5 U.S.C. § 8101(1)(A).

16.     As a part of discovery in the third-party action, Plaintiff Caroline Gredler wishes

to conduct depositions of relevant witnesses with Defendant Department of State.  These

witnesses include: Robert Burnett, Richard Burney, M.D., and Chayan C. Dey, M.D.  The

depositions were noted for October 31, 2013.

17.     Plaintiff also sought documents from Defendant Department of State for the

underlying third-party action against International SOS.  The document request sought:

(a)     documents from the Department of State Office of Medical Services;

(b)     contracts and agreements with International ISOS or its subsidiary clinics
worldwide;

(c)     payments by the Department of State to International SOS or its
subsidiaries of affiliates for medical services for the past ten years; and,

(d)     documents evidencing communication to Department Medical Officers
regarding International ISOS and its clinical services worldwide for the past 10 years.

18.     In pursuit of this discovery material, Plaintiff Caroline Gredler submitted a formal *Touhy* request, pursuant to Defendant's regulation, 22 C.F.R. § 172.3(a), on October 3 and 9, 2013.  (Request attached as Exhibit 2).

19.     The *Touhy* request was accompanied by subpoenas issued by the District of Columbia Superior Court, located in the district in which Plaintiff Caroline Gredler intended to conduct the depositions.

20.     On October 15, 2013, Defendant Department of State issued a Notice indicating that it would not comply with the subpoenas.

21.     The Notice issued by Defendant Department of State constitutes a final decision.

### COUNT ONE – Violation of the Administrative Procedures Act

22.     The decision of Defendant Department of State to deny the *Touhy* request was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

23.     The decision of Defendant Department of State is unlawful pursuant to 5 U.S.C. § 706(2)(A) and 5 U.S.C. § 706(2)(D).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Carline Gredler prays that the Court hold unlawful and set aside

Defendants' determination that it will not comply with the subpoenas, order Defendant

Department of State to produce the information sought, and for such other relief as may be

appropriate.

Date:   October 23, 2013,                    HANNON LAW GROUP


                                             _____s/ J. Michael Hannon_____
                                             J. Michael Hannon, #352526
                                             1901 18th Street, NW
                                             Washington, DC 20009
                                             (202) 232-1907
                                             Fax:  (202) 232-3704
                                             jhannon@hannonlawgroup.com


                                             *Attorney for Plaintiff*

# EXHIBIT 1

1

2

3

4

5

6

7               SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8   CAROLINE GREDLER, as Personal
    Representative of the Estate of DALE          NO.
9   GREDLER,
                                                  COMPLAINT FOR MEDICAL
10                          Plaintiff,            NEGLIGENCE AND WRONGFUL
                                                  DEATH
11      v.

12  INTERNATIONAL SOS ASSISTANCE, INC.
    a Washington Corporation,
13
                            Defendant.
14

15      Plaintiff, Caroline Gredler, Personal Representative of the Estate of Dale Gredler,

16  deceased, claims relief against the defendant as follows:

17                      **I.      JURISDICTION AND VENUE**

18      1.1     This Court has jurisdiction and venue with respect to the parties and subject

19  matter of this action.  Defendant International SOS Assistance, Inc. is incorporated in the

20  State of Washington and has a registered agent in King County, Seattle, Washington.

21      1.2     <u>Declaration re Arbitration</u>.  The plaintiff has declined to submit this matter to

22  arbitration under Chapter 7.70A RCW *et seq.*, and the declaration required by RCW

23  7.70A.020(2)(a) has been filed contemporaneously with the filing of this Complaint.  A copy

24  of the Declaration of plaintiff's counsel is attached as Exhibit 1.

25                              **II.      PARTIES**

26      2.1     Plaintiff Caroline Gredler is the duly appointed personal representative of the

COMPLAINT FOR MEDICAL
NEGLIGENCE AND WRONGFUL
DEATH - 1
62682

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

1 Estate of Dale Gredler in King County Cause No. 10-4-02985-8, and brings this action on

2 behalf of the Estate and for the benefit of the statutory beneficiaries.  Ms. Gredler is a

3 resident of the State of Indiana.

4     2.2    Defendant International SOS Assistance, Inc. (hereinafter "International

5 SOS") is a registered Washington corporation with a registered agent in King County,

6 Seattle, Washington.

7     2.3    At all pertinent times, decedent Dale Gredler was a patient of defendant

8 and/or its employees or agents.

9               **III.    FACTS**

10     3.1    Dale Gredler was born on August 9, 1967, and died on January 27, 2010, at

11 the age of 42.

12     3.2    Dale Gredler was a Diplomat for the United States Agency for International

13 Development (USAID) and was stationed in Almaty, Kazakhstan during January 2010.

14     3.3    At all pertinent times, defendant International SOS and/or its employees or

15 agents, were acting within the course and scope of their employment or agency, and

16 undertook responsibility for the health care and treatment of Dale Gredler.

17     3.4    Defendant provided medical services for United States' citizens and their

18 families while they were posted in Kazakhstan under a contract with the United States

19 Department of State.

20     3.5    On January 23, 2010, Mr. Gredler was referred to the International SOS Clinic

21 in Almaty by the U.S. Department of State's Regional Medical Director, Dr. Chayan Dey,

22 based upon the symptoms Mr. Gredler was experiencing.  Mr. Gredler complained of intense

23 pain in his neck, jaw, chest and stomach.  Dr. Dey requested that a physician at the Clinic

24 conduct a blood analysis for cardiac markers, an electrocardiography (ECG), and a chest x-

25 ray.

26

COMPLAINT FOR MEDICAL
NEGLIGENCE AND WRONGFUL
DEATH - 2
62682

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

3.6     The attending International SOS physician, Dr. Reinhard Gruner, performed the above mentioned tests, and reported that both the test results and the x-ray imaging were normal.  In fact, the x-ray imaging had significant abnormalities.  Further, Dr. Gruner noted that Mr. Gredler had presented with a right arm pulse that was significantly weaker than his left arm pulse.  Dr. Gruner diagnosed Mr. Gredler with gastritis and/or oesophagitis and/or reflux, assured him of his good health, and released him from care.

3.7     After his release, Mr. Gredler's chest x-ray was read by an International SOS radiologist.  The radiologist discovered significant abnormalities, but this information was never reported to Mr. Gredler or Dr. Dey.

3.8     Several days later, Mr. Gredler's symptoms did not abate.  At the urging of Dr. Dey, on Wednesday, January 27, 2010, Mr. Gredler traveled to London via standard commercial air carrier to obtain further medical consultation.

3.9     He was never given further medical treatment as he was found deceased in a restroom at the Heathrow Airport on January 27, 2010.  An autopsy revealed that Mr. Gredler died from a ruptured dissecting aortic aneurysm.

3.10    Mr. Gredler's death would have been prevented had proper, timely health care been provided to him by defendant.

3.11    Caroline Gredler, as Dale Gredler's wife, and their two children, Alyson and Sarah Gredler, are all statutory beneficiaries under Washington's Wrongful Death Act, RCW 4.20 *et. seq.*

## IV.     CAUSE OF ACTION

4.1     The defendant and/or its respective employees or agents were negligent and violated the standard of care with respect to their care and treatment of Dale Gredler.

4.2     Dale Gredler sustained injuries and damages before death which were a proximate result of the negligence of defendant and/or its respective employees or agents. Further, as a proximate result of the negligence of defendant and/or its respective employees

COMPLAINT FOR MEDICAL
NEGLIGENCE AND WRONGFUL
DEATH - 3
62682

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

1    or agents, Mr. Gredler died and his Estate and statutory beneficiaries sustained losses and

2    damages.

3        4.3    Decedent Dale Gredler was not comparatively at fault for his death.

4                            **V.    DAMAGES**

5        5.1    Dale Gredler sustained injuries and damages before death, including pain and

6    suffering, both physical and mental, which were a proximate result of the negligence of

7    defendant and/or its respective employees or agents.  Further, as a proximate result of the

8    negligence of defendant and/or its respective employees or agents, Dale Gredler died and his

9    Estate and statutory beneficiaries sustained losses and damages.

10        5.2    The Estate and statutory beneficiaries of Dale Gredler have suffered and will

11    suffer damages including, but not limited to, general damages, funeral and related expenses,

12    goods and services, and accumulations as a proximate result of the negligence of defendant.

13        5.3    Plaintiff seeks all compensable damages permitted by and pursuant to

14    applicable law.

15        5.4    The damages above are in an amount to be proven at trial.

16                            **VI.    PRAYER FOR RELIEF**

17        WHEREFORE, Plaintiff prays for judgment against defendant for the items of

18    damages set forth above, together with interest from the date of the incident, and for costs,

19    disbursements, attorney fees, and any other items of damages which may be appropriate in

20    this case.

21

22        DATED this ___3rd___ day of December, 2012.

23                            PETERSON | WAMPOLD
                             ROSATO | LUNA | KNOPP
24

25

26                            Michael S. Wampold, WSBA No. 26053
                             Attorney for Plaintiff

COMPLAINT FOR MEDICAL
NEGLIGENCE AND WRONGFUL
DEATH - 4
62682

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

# EXHIBIT 2

# HANNON LAW GROUP
## COUNSELORS AND ATTORNEYS AT LAW
1901 18TH STREET, NW
WASHINGTON, DC 20009
EST. MARCH 17, 2006

(202) 232-1907
FACSIMILE (202) 232-3704
www.hannonlawgroup.com

October 8, 2013

J. MICHAEL HANNON *

DANIEL S. CROWLEY*◊+
LAURA N. KAKUK †
J. SCOTT HAGOOD *

* ALSO ADMITTED IN MARYLAND
+ ALSO ADMITTED IN VIRGINIA
◊ ALSO ADMITTED IN MASSACHUSETTS
● ALSO ADMITTED IN CALIFORNIA
† ADMITTED IN PENNSYLVANIA ONLY
SUPERVISION BY J. MICHAEL HANNON

27 WOOD LANE
ROCKVILLE, MARYLAND 20850

11130 FAIRFAX BOULEVARD
SUITE 310
FAIRFAX, VIRGINIA 22030

OF COUNSEL

CHARLES I. CATE●+
DONALD LEWIS WRIGHT
WILLIAM CLAYTON BATCHELOR*+

**VIA ELECTRONIC TRANSMISSION AND MESSENGER**

Executive Office
Office of Legal Advisor
c/o Megan M. Grimball
U.S. Department of State
Room 5519
2201 C St., N.W.
Washington, D.C. 20520-6380

*Marcy Davis*
10/9/13

Re:   Dale Gredler

Dear Ms. Grimball:

I am enclosing a copy of my October 3, 2013, letter sent to you by email as well as this letter and the enclosures referenced herein. A hard copy of these documents will be delivered by messenger tomorrow pursuant to 22 C.F.R. § 172.3(a).

We have completed the process of having the subpoenas I referenced in the October 3, 2013, letter issued by the Superior Court of the District of Columbia, with the exception of the subpoena for Richard Burney, M.D., which is in process. This matter has been assigned Case Number 13-06812 by the Superior Court of the District of Columbia.

As indicated in my October 3, letter, the subpoenas have a presumptive return date of October 31, 2013, because the information sought is needed for a hearing on November 15, 2013, in Superior Court for King County, Washington.

Please be advised that I am willing to work with the Department informally to coordinate compliance with these subpoenas, including more informal initial methods to gather this information. Please be advised, however, that eventually the information sought must be produced in a manner consistent with the rules of discovery and evidence.

Accordingly, we have some limited flexibility in the dates. Moreover, I am happy to dialogue with you or with any other attorney in your office in an effort to assist in production of this information.

Executive Office
Office of Legal Advisor
October 8, 2013
Page Two


     As I indicated in my October 3 letter, under FECA Mrs. Gredler and her attorneys are obligated to seek compensation from third-party tortfeasors in an effort to offset the benefits awarded to her and her two children.  I believe that this imperative requires the Department of State to respond to our requests.

     Thank you for your courtesies.

             Sincerely,

             s/ J. Michael Hannon

             J. Michael Hannon

Encls.

cc:    Caroline Gredler
       Michael S. Wampold, Esq.

# HANNON LAW GROUP
## COUNSELORS AND ATTORNEYS AT LAW
1901 18TH STREET, NW
WASHINGTON, DC 20009

EST. MARCH 17, 2006

(202) 232-1907
FACSIMILE (202) 232-3704
www.hannonlawgroup.com

October 3, 2013

J. MICHAEL HANNON *

DANIEL S. CROWLEY*◊+
LAURA N. KAKUK †
J. SCOTT HAGOOD *

* ALSO ADMITTED IN MARYLAND
+ ALSO ADMITTED IN VIRGINIA
◊ ALSO ADMITTED IN MASSACHUSETTS
● ALSO ADMITTED IN CALIFORNIA
† ADMITTED IN PENNSYLVANIA ONLY
SUPERVISION BY J. MICHAEL HANNON

27 WOOD LANE
ROCKVILLE, MARYLAND 20850

11130 FAIRFAX BOULEVARD
SUITE 310
FAIRFAX, VIRGINIA 22030

OF COUNSEL

CHARLES I. CATE●+
DONALD LEWIS WRIGHT
WILLIAM CLAYTON BATCHELOR*+

**VIA ELECTRONIC TRANSMISSION AND MESSENGER**

Executive Office
Office of Legal Advisor
c/o Megan M. Grimball
U.S. Department of State
Room 5519
2201 C St., N.W.
Washington, D.C. 20520-6380

Re:    Dale Gredler

Dear Ms. Grimball:

As you know, we represent Caroline Gredler, the surviving spouse of USAID employee Dale Gredler. Dale died on January 27, 2010, while stationed in Almaty, Kazakhstan. On May 7, 2010, Dale's name was added to the AFSA Memorial Plaque at the Harry S. Truman Building to honor him among those who have died in the service of their country. Then Secretary of State Hillary R. Clinton presided at the ceremony. I have attached the Memorial announcement and a photograph.

We have filed a lawsuit in Seattle, Washington, on behalf of Caroline and her children against International SOS, alleging medical malpractice in their treatment of Dale shortly before his death. In addition, we have represented Caroline to obtain FECA benefits for herself and her family. As you know, any award to Caroline would offset the benefits due her under FECA. Moreover, under FECA Ms. Gredler has a duty to pursue a recovery against ISOS.

Your office recently made a final decision refusing to allow us to pursue the evidence we need from the Department and certain employees on an informal basis. Therefore, pursuant to 22 C.F.R. § 172.3(a), I intend to serve the Department with four subpoenas, three directed to Department employees and a former employee and one directed to the Department itself for production of documents by an appropriate custodian. These subpoenas will be issued out of the Superior Court for the District of Columbia once we obtain a commission for that purpose from the Superior Court in King County, Washington.

Executive Office
Office of Legal Advisor
October 3, 2013
Page Two

We need this information to prosecute the case against International ISOS in Seattle, Washington. In particular, International SOS contends that it is not responsible for the conduct of its physicians working at its clinic in Almaty, Kazakhstan, where Dale was referred for diagnosis by the State Department Medical Officer. We need to prove to the Court in Seattle, Washington, that International SOS held itself out as the owner and operator of the clinic and represented to others, such as the Department of State, that it offered competent medical care through its clinic. I have previously sent you a copy of the motion for summary judgment filed by ISOS to which this evidence is addressed.

More particularly, I am providing specific information regarding the information we seek through these subpoenas:

1.      **Robert Burnett**: Mr. Burnett was the Contracting Officer for the Department of State at the Consulate in Almaty, Kazakhstan, in December of 2009. We wish to talk with Mr. Burnett about the Memorandum Agreement for Medical Services attached to this letter. We believe that International SOS represented itself to the Embassy as providing competent medical care through trained physicians at the clinic. Mr. Burnett would be knowledgeable on this matter. In particular, we wish to know how and from whom he learned about the clinic, whether he has contracted with ISOS clinics elsewhere, whether he is aware of other such contracts, whether other U.S. citizens were referred to the clinic, whether any employees have used ISOS for emergency evacuation, what contact he has had with persons acting on behalf of ISOS, the identification of any documents evidencing communications with ISOS, and the identity of persons within the Department knowledgeable about ISOS clinics.

2.      **Richard Burney, M.D.:** Dr. Burney recently retired as the Director of the Department of State Office of Medical Services. Dr. Burney knows about the relationship between the Department of State and International SOS. In addition, Dr. Burney conducted an investigation into the medical care provided to Dale by International SOS. We need to discuss with him these issues. In addition, we wish to know how and from whom he learned about ISOS and their clinical services, whether he is aware of the use of ISOS clinics by State elsewhere, whether he is aware of other such contracts, whether other U.S. citizens were referred to ISOS clinics, whether any U.S. employees have used ISOS for emergency evacuation, what contact he has had with persons acting on behalf of ISOS, the identification of any documents evidencing communications with ISOS, documents evidencing the State Medical investigation into the death of Mr. Gredler, and the identity of persons within the Department knowledgeable about ISOS clinics.

3.      **Chayan C. Dey, M.D.**: Dr. Dey was the Department's Medical Officer in Almaty, Kazakhstan. Dr. Dey has been most gracious and professional in his communications with Caroline after this tragedy. He is aware of the relationship between International SOS and the clinic in Almaty to which he referred Dale Gredler. In addition, Dr. Dey conducted an investigation into the medical care provided to Dale by International SOS. We need to discuss

Office of Legal Advisor
Executive Office
October 3, 2013
Page Three

with him these issues.  In addition, we wish to know how and from whom he learned about ISOS and their clinical services, whether he is aware of the use of ISOS clinics by State elsewhere, whether he is aware of other such contracts, whether other U.S. citizens were referred to ISOS clinics, whether any U.S. employees have used ISOS for emergency evacuation, what contact he has had with persons acting on behalf of ISOS, the identification of any documents evidencing communications with ISOS generally and in connection with the investigation of the death of Dale, documents evidencing the State Medical investigation into the death of Mr. Gredler, persons with whom he communicated at ISOS regarding the care of Dale, and the identity of persons within the Department knowledgeable about ISOS clinics.

## DOCUMENTS

The following list is a reproduction of the list of documents we will request pursuant to the Rule 30(b)(6) when we are authorized to issue the subpoenas.

1.      **Documents from the Department of State Office of Medical Services:**

a.      Richard Burney, M.D., then the Director of the Office of Medical Services, oversaw a review of the medical care provided to Dale Gredler after his death.  We request all documents related to this review.

b.      We request documents from the Office of Medical services reflecting any communications with International ISOS or its subsidiaries regarding the provision of medical services to State or USAID employees for the past ten years.

2.      **Contracts and Agreements with International ISOS or its Subsidiary Clinics Worldwide:**  We understand that the Department of State Office of Medical Services and various local consulates and embassies worldwide have entered into agreements with International ISOS or its subsidiary clinics like the agreement attached to this letter.  We request copies of all such agreements for the past ten years.

3.      **Payments by the Department of State to International SOS or its subsidiaries or affiliates for medical services for the past ten years.**

4.      Documents evidencing communications to Department Medical Officers regarding International ISOS and its clinical services worldwide for the past ten years.

We will note these depositions in Washington, D.C., for October 31, 2013, because the information is needed for a hearing in Seattle on November 15, 2013.  Please be advised that we are willing to cooperate with you in terms of the date and location of the depositions.  The deposition Dr. Dey will be videotaped.

For more information regarding ISOS, please see its website located at www.internationalsos.com.

Office of Legal Advisor
Executive Office
October 3, 2013
Page Four

      Thank you for your courtesies.

                Sincerely,

                *s/ J. Michael Hannon*

                J. Michael Hannon

Encls.
cc:    Caroline Gredler

SUBPOENA

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001    Telephone (202) 879-1133

Caroline Gredler, as Personal Representative of
the Estate of Dale Gredler _Plaintiff_                    SUBPOENA IN A CIVIL CASE

International SOS Assistance, Inc., et al.        CASE NUMBER:    13-0006812
_Defendant_

To:  U.S. State Department

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| COURTROOM | DATE | TIME |
|---|---|---|
|  |  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
| Planet Depos, 1100 Connecticut Ave., NW, Suite 950 Washington, DC 20036 | 10/31/2013 | 9:00 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (_list documents or objects_):

| DOCUMENTS OR OBJECTS |
|---|
| See attachment A |

| PLACE OF PRODUCTION | DATE | TIME |
|---|---|---|
| Planet Depos, 1100 Conn. Ave., NW, Ste 950, DC 20036 | 10/31/2013 | 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE | TIME |
|---|---|---|
|  |  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. SCR-CIV 30(b)(6).

ISSUING PERSON'S SIGNATURE AND TITLE (Indicate if attorney for plaintiff or defendant)        DATE    10/9/13

_Deputy Holt_

ISSUING   PERSON'S NAME, ADDRESS AND PHONE NUMBER

Superior Court of the District of Columbia
Civil Division
500 Indiana Avenue, N.W.
Room 5000
Washington, D.C. 20001

Authorization as required by D.C. Code §14-307 and Brown v U.S., 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege relating to such records.

Judge To Whom Case Is Assigned

## PROOF OF SERVICE

| | DATE | TIME | PLACE |
|---|---|---|---|
| SERVED | | | |

SERVED ON (PRINT NAME)   MANNER OF SERVICE
(attach return receipt if service was made by registered or certified mail)

SERVED BY (PRINT NAME)                    TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled cause and that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE                                              SIGNATURE OF SERVER

                                                  ADDRESS OF SERVER

RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE, Sections C & D:

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspectionand copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 25 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(b)(iii) of this Rule, such a person may in order to attend trial be commanded to travel from any such place to the place of trial, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or,
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specificevents or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 25 miles to attend trial, the Court may, toprotectapersonsubject tooraffected by thesubpoena,quashor modify thesubpoenor, if thepartyinwhosebehalf thesubpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privilegedor subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

**Topics to be addressed by the U.S. State Department Designee:**

1. Documents from the Department of State Office of Medical Services:

  a. Richard Burney, M.D., then the Director of the Office of Medical Services, oversaw a review of the medical care provided to Dale Gredler after his death. We request all documents related to this review.

  b. We request documents from the Office of Medical services reflecting any communications with International ISOS or its subsidiaries regarding the provision of medical services to State or USAID employees for the past ten years.

2. Contracts and Agreements with International ISOS or its Subsidiary Clinics Worldwide: We understand that the Department of State Office of Medical Services and various local consulates and embassies worldwide have entered into agreements with International ISOS or its subsidiary clinics like the agreement attached to this letter. We request copies of all such agreements for the past ten years.

3. Payments by the Department of State to International SOS or its subsidiaries or affiliates for medical services for the past ten years.

4. Documents evidencing communications to Department Medical Officers regarding International ISOS and its clinical services worldwide for the past ten years.

**ATTACHMENT B**

**LIST OF ALL COUNSEL OF RECORD PURSUANT TO D.C. CODE §13-443(c)(B)**

Michael S. Wampold and Mallory Allen
Peterson Wampold Rosato Luna Knopp,
1501 4th Ave. #2800
Seattle, WA 98101
(t) (206) 624-6800

J. Michael Hannon *pro hac vice*
Hannon Law Group
1901 18th Street, NW
Washington, DC 20009
(t) (202) 232-1907
**Counsel for Plaintiff**


Robert J. Adolph
The Adolph Law Group, PLLC
701 5th Ave., Suite 7100
Seattle, WA 98104
(t) (206) 621-7900
**Counsel for Defendants**

There are no unrepresented parties.

SUBPOENA

## Superior Court of the District of Columbia

CIVIL   DIVISION

500 Indiana Avenue, N.W., Room JM-170
Washington,   D.C. 20001     Telephone (202) 879-1133

Caroline Gredler, as Personal Representative of
the Estate of Dale Gredler
_____ Plaintiff

SUBPOENA IN A CIVIL CASE

13-0006812

International SOS Assistance, Inc., et al.
_____ Defendant

CASE NUMBER:

To: Chayan C. Dey, M.D.

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| COURTROOM | DATE | TIME |
|---|---|---|
| | | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
| Planet Depos, 1100 Connecticut Ave., NW, Suite 950 Washington, DC 20036 | 10/31/2013 | 9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below *(list documents or objects)*:

DOCUMENTS  OR  OBJECTS

| PLACE OF PRODUCTION | DATE | TIME |
|---|---|---|
| | | |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE | TIME |
|---|---|---|
| | | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. SCR-CIV 30(b)(6).

ISSUING PERSON'S SIGNATURE AND TITLE (Indicate if attorney for plaintiff or defendant)

*Deputy Clerk Khalb*

| DATE |
|---|
| 10/8/13 |

ISSUING  PERSON'S  NAME, ADDRESS AND PHONE NUMBER

Superior Court of the District of Columbia
Civil Division
500 Indiana Avenue, N.W.
Room 5000
Washington, D.C. 20001

Authorization as required by D.C. Code §14-307 and Brown v U.S. 567 A. 2d 426 (D.C. 1989). is hereby given for issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege relating to such records.

| |
|---|

Judge To Whom Case Is Assigned

## PROOF OF SERVICE

| | DATE | TIME | PLACE |
|---|---|---|---|
| SERVED | | | |

SERVED ON (PRINT NAME)   MANNER OF SERVICE
(attach return receipt if service was made by registered or certified mail)

SERVED BY (PRINT NAME)   TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled cause and that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE, Sections C & D:

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspectionand copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 25 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(b)(iii) of this Rule, such a person may in order to attend trial be commanded to travel from any such place to the place of trial, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or,
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specificevents or occurances in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 25 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

### LIST OF ALL COUNSEL OF RECORD PURSUANT TO D.C. CODE §13-443(c)(B)

Michael S. Wampold and Mallory Allen
Peterson Wampold Rosato Luna Knopp,
1501 4th Ave. #2800
Seattle, WA 98101
(t) (206) 624-6800

J. Michael Hannon *pro hac vice*
Hannon Law Group
1901 18th Street, NW
Washington, DC 20009
(t) (202) 232-1907
**Counsel for Plaintiff**


Robert J. Adolph
The Adolph Law Group, PLLC
701 5th Ave., Suite 7100
Seattle, WA 98104
(t) (206) 621-7900
**Counsel for Defendants**

There are no unrepresented parties.

**SUBPOENA**

# Superior Court of the District of Columbia

## CIVIL DIVISION

500 Indiana Avenue, N.W., Room **JM-170**
Washington,  D.C. 20001    Telephone (202) 879-1133

Caroline Gredler, as Personal Representative of
the Estate of Dale Gredler ___Plaintiff___

SUBPOENA IN A CIVIL CASE

**13 ~ 0 0 0 6 8 1 2**

International SOS Assistance, Inc., et al.          CASE NUMBER:
___Defendant___

To: Robert Burnett

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| COURTROOM | DATE | TIME |
|---|---|---|
|  |  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
| Planet Depos, 1100 Connecticut Ave., NW, Suite 950 Washington, DC 20036 | 10/31/2013 | 9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (*list documents or objects*):

| DOCUMENTS OR OBJECTS |
|---|
|  |

| PLACE OF PRODUCTION | DATE | TIME |
|---|---|---|
|  |  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE | TIME |
|---|---|---|
|  |  |  |

  Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. SCR-CIV 30(b)(6).

ISSUING PERSON'S SIGNATURE AND TITLE (indicate if attorney for plaintiff or defendant)          DATE
*Deputy Clerk Hall*                                                        10/8/13

ISSUING   PERSON'S NAME, ADDRESS AND PHONE NUMBER

Superior Court of the District of Columbia
Civil Division
500 Indiana Avenue, N.W.
Room 5000
Washington, D.C. 20001

Authorization as required by D.C. Code §14-307 and Brown v U.S., 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege relating to such records.

|  |
|--|
|  |

Judge To Whom Case Is Assigned

## PROOF OF SERVICE

| | DATE | TIME | PLACE |
|--|--|--|--|
| SERVED | | | |

SERVED ON (PRINT NAME)    MANNER OF SERVICE
(attach return receipt if service was made by registered or certified mail)

|  |
|--|
|  |

| SERVED BY (PRINT NAME) | TITLE |
|--|--|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled cause and that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE, Sections C & D:

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 25 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(b)(iii) of this Rule, such a person may in order to attend trial be commanded to travel from any such place to the place of trial, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or,
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 25 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**ATTACHMENT A**

**LIST OF ALL COUNSEL OF RECORD PURSUANT TO D.C. CODE §13-443(c)(B)**

Michael S. Wampold and Mallory Allen
Peterson Wampold Rosato Luna Knopp,
1501 4th Ave. #2800
Seattle, WA 98101
(t) (206) 624-6800

J. Michael Hannon *pro hac vice*
Hannon Law Group
1901 18th Street, NW
Washington, DC 20009
(t) (202) 232-1907
**Counsel for Plaintiff**


Robert J. Adolph
The Adolph Law Group, PLLC
701 5th Ave., Suite 7100
Seattle, WA 98104
(t) (206) 621-7900
**Counsel for Defendants**

There are no unrepresented parties.